**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SINBAD S. GHOLSON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COVER WALLET, et al.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-01804-GMN-BNW<br><br>**SCREENING ORDER AND<br>REPORT AND RECOMMENDATION** |

Pro se plaintiff Sinbad S. Gholson brings this case based on a dispute with defendants Cover Wallet and Marlon Simpson regarding insurance. Gholson submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now screens his complaint.

**I.　ANALYSIS**

　　**A. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and

may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the complaint**

Gholson alleges he is a citizen of Nevada and owns Gholson Van Lines, LLC. (Compl. (ECF No. 1-1) at 2.) Gholson further alleges he went online to obtain quotes for small business insurance and was contacted by defendants Cover Wallet and Marlon Simpson. (*Id.* at 2-3.) According to Gholson, defendants "la[id] out a false contract to provide[] service that defendants knew or should have known[] they could not provide." (*Id.* at 3.) After allegedly accepting $2,022 from Gholson, defendants stated they would not provide the requested insurance and would only return $1,627 to Gholson. (*Id.*) Gholson now brings this lawsuit for fraud, seeking in excess of $10,000 for general and special damages and $20 million in punitive damages. (*Id.* at 3-4.) He alleges the basis for the court's jurisdiction is diversity jurisdiction. (*Id.* at 1.)

*1. Jurisdiction*

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity

cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Punitive damages are considered when calculating the amount in controversy, even when the actual damages claimed are short of the jurisdictional amount, so long as the punitive damages are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 92, 945 (9th Cir. 2001). Nevada law provides for punitive damages "in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Nev. Rev. Stat. § 42.005. Punitive damages may not exceed "[t]hree hundred thousand dollars if the amount of compensatory damages awarded to the plaintiff is less than $100,000." *Id.* at § 42.005(1)(b).

Here, Gholson does not allege sufficient facts invoking the court's jurisdiction. He alleges a common law fraud claim and therefore does not invoke the court's federal question jurisdiction. As for the amount in controversy, Gholson alleges actual damages of approximately $2,000 and punitive damages of $10 million. Taking all allegations of material fact are taken as true and construing them in the light most favorable to Gholson, it appears he meets the amount in controversy if his alleged punitive damages are included in damages, although punitive damages would be capped at $300,000 given that Gholson's actual damages are under $100,000. As for the parties' citizenship, Gholson states he is a Nevada citizen, but he does not allege the defendants' citizenship. Without this information, the court cannot evaluate whether there is complete diversity. Thus, even liberally construing his complaint, Gholson does not allege facts invoking the court's diversity jurisdiction. As the party seeking to invoke the court's jurisdiction, Gholson bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030,

1040 (9th Cir. 2015).  The court therefore will recommend that this case be dismissed for lack of subject-matter jurisdiction, with leave to amend.

### 2. *Amendment*

If Gholson chooses to amend, he must include factual allegations demonstrating that a federal question exists, thereby allowing the court to determine its own jurisdiction. Alternatively, he must include factual allegations demonstrating there is complete diversity of citizenship and more than $75,000 in controversy.  Additionally, Gholson is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case.  As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently.  The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete.  The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

## II. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.  Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file plaintiff's complaint (ECF No. 1-1).

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that plaintiff be given a deadline to file an amended complaint.

### III. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 23, 2019

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE